ADAM BRAVERMAN
United States Attorney
MICHAEL A. GARABED
Assistant United States Attorney
California State Bar No. 223511
E-mail: Michael.Garabed@usdoj.gov
Office of the United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 557-5610
Fax: (619) 546-7751

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN G. REYNOSO,<br><br>          Plaintiff,<br><br>     v.<br><br>SHANIE SALDANA, SAMUEL PASCASIO, GABRIEL DOE and NIKO DOE,<br><br>          Defendants. | Case No.: '18CV0264 JLS AGS<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

The United States of America, as the party to be substituted in this action for Defendants Shanie Saldana, Samuel Pascasio, Gabriel Lopez (erroneously sued as Gabriel Doe) and Edgar Altamirano (erroneously sued as Niko Doe) ("Defendants"), by its attorneys Adam Braverman, United States Attorney, and Michael Garabed, Assistant United States Attorney, hereby respectfully removes the above-entitled civil action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California on the following grounds:

1. On January 17, 2018, Plaintiff initiated this action in the Superior Court of California, County of San Diego and named as defendants Shanie Saldana, Samuel Pascasio, Gabriel Lopez (erroneously sued as Gabriel Doe) and Edgar Altamirano (erroneously sued as Niko Doe), all of whom are federal employees. Plaintiff's *Request for Civil Harassment Restraining Orders* ("Claim") alleges that Defendants, while employed by the Department of Veterans Affairs, negligently and wrongfully caused Plaintiff harm. *See* Exhibit 1.

2. The Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680 ("FTCA"), as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, provides that a suit against the United States shall be the exclusive remedy for persons alleging damages resulting from the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Plaintiff's Claim falls within this provision.

3. Upon certification by the Attorney General that a federal employee was acting within the scope of his or her employment at the time of the incident out of which the claim arises, the FTCA provides that any civil action arising out of the incident shall be deemed an action against the United States and the United States shall be substituted as the defendant. 28 U.S.C. §§ 2679(d)(1)-(2). The United States Attorney for the district where the civil action is pending is authorized to make the requisite statutory certification. 28 C.F.R. § 15.4(a). The United States Attorney for the Southern District of California has re-delegated this certification authority to the Chief of the Civil

Division of the Office of the United States Attorney for the Southern District of California. Civil Division Policy 17-04, dated December 1, 2017.

4. Assistant United States Attorney Thomas Stahl, Chief of the Civil Division, has certified that at the time of the conduct alleged, Shanie Saldana, Samuel Pascasio, Gabriel Lopez (erroneously sued as Gabriel Doe) and Edgar Altamirano (erroneously sued as Niko Doe) were acting within the scope of their employment as employees of the United States. *See* Certification of Scope of Employment, filed with the Court as Exhibit A to Notice of Substitution.

5. Given this certification, this proceeding shall be deemed an action brought against the United States under the provisions of the FTCA and the United States shall be substituted as the defendant. 28 U.S.C. § 2679(d)(2). Consequently, this action may be removed to this Court, without bond, pursuant to 28 U.S.C. § 2679(d)(2) because this judicial district embraces the place in which the action is pending.

6. Removal is also appropriate pursuant to 28 U.S.C. § 1442, which provides for removal in cases commenced in a state court against the United States, its agencies and officers. Accordingly, this suit is properly subject to removal, without bond, pursuant to 28 U.S.C. § 1442(a)(1) because the action to be removed is against the United States and pending in a state court located within this judicial district.

7. As a further basis for removal, it is anticipated that the United States will raise several defenses based on federal law, including but not limited to the failure of Plaintiff to exhaust his administrative remedies.

8. In compliance with 28 U.S.C. § 1446(a), a copy of Plaintiff's *Civil Case Cover Sheet* and *Request for Civil Harassment Restraining Orders*, filed in San Diego Superior Court Case No. 37-2018-00002342-CU-HR-CTL, are attached as Exhibit 1.

DATED: February 5, 2018

Respectfully submitted,
ADAM BRAVERMAN
United States Attorney
s/ Michael Garabed
MICHAEL A. GARABED
Assistant United States Attorney

- 2 -