UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN G. REYNOSO,<br><br>                                  Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                                  Defendant. | Case No.: 18-CV-264 JLS (AGS)<br><br>**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**<br><br>(ECF No. 3) |

Presently before the Court is Defendant United States of America's Motion to Dismiss, (ECF No. 3). No opposition to the Motion has been filed.

The Ninth Circuit has held that pursuant to a local rule a district court may properly grant a motion to dismiss for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion: Civil Local Rule 7.1.f.3.c. provides "[i]f an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." An opposition must be filed fourteen (14) days prior to the noticed hearing. Civ. L. R. 7.1.e.2. The hearing for the present Motion was set for March 22, 2018 at 1:30 p.m., thus any opposition was due by March 8, 2018.

In determining whether to dismiss an action, a district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. This case was timely removed from state court on February 5, 2018. (ECF No. 1.) Plaintiff has not appeared before this Court and failed to file a timely opposition. *See also Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

As to the third factor, the Court finds no risk of prejudice to Defendant if the Court dismisses this matter. In fact, Defendant moved for dismissal. This factor weighs in favor of dismissing the action. As for the fifth factor, where a plaintiff does not oppose dismissal it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ the less drastic alternative of giving notice to the parties that no opposition had been filed. On March 16, 2018, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. (ECF No. 5.) The Clerk of Court's office mailed a copy of the Order to Plaintiff's mailing address and it was returned undeliverable. (ECF No. 7.) The Court also issued an Order requesting Plaintiff's Opposition brief and reminding Plaintiff of his obligation to provide a valid mailing address. (ECF No. 6.) The Court gave Plaintiff until April 10, 2018 to respond and he has not appeared before the Court.

Finding that the *Ghazali* factors weigh in favor of granting Defendant's Motion to Dismiss as unopposed, the Court **GRANTS** Defendant's Motion, (ECF No. 3). Additionally, Defendant United States of America has stated that Plaintiff has not filed an administrative claim with the Department of Veteran's Affairs, pursuant to the Federal Tort Claim Act, and therefore Plaintiff's case should be dismissed with prejudice so that he may file an administrative claim. (ECF No. 3, at 3 (citing 28 U.S.C. § 2675(a); and *Burns v. United States*, 764 F.2d 722, 724 (9th Cir. 1985); and *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984); and Declaration of Eric LaZare, ECF No. 3-2, ¶¶ 2–4).) The Court agrees. Plaintiff was required to file an administrative claim prior to bringing this lawsuit and therefore this Court is without jurisdiction to hear his claim unless and until he files with the appropriate agency. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendant United States of America. The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2018

Hon. Janis L. Sammartino
United States District Judge